UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | |
|---|---|
| Kenneth Syncere Rivera, # 318979, *aka Kenneth Rivera*, <br><br>                              Plaintiff, <br><br>vs. <br><br>William Byars, Jr., *Agency Director*; <br> Betty Smith, *Nutritionist*; <br> Warden Larry Cartledge; <br> Bob Olsen, *Food Service Department*; <br> Amy McMehan, *Food Service Department*, <br><br>                              Defendants. <br>_____ | ) C/A No. 8:13-1234-JMC-JDA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## Background of this Case

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. According to the South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on May 9, 2013), Plaintiff is serving an eight-year sentence for a common law robbery conviction entered in the Court of General Sessions for Greenville County. The South Carolina Department of Corrections website lists Plaintiff's projected release date as June 21, 2013.

Defendant Byars is the Director of the South Carolina Department of Corrections. Defendant Larry Cartledge is the Warden of the Perry Correctional Institution. Defendant Betty Smith is the Nutritionist for the South Carolina Department of Corrections.

1

Defendants Bob Olsen and Amy McMehan work in the Food Service Department at the Perry Correctional Institution.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint indicates that this civil rights action arises out of Plaintiff's dissatisfaction with the delays and errors with respect to his request for a vegetarian diet after he was transferred from the Broad River Correctional Institution to the Perry Correctional Institution on January 8, 2013. Plaintiff on January 9, 2013, was apprised that his should submit a request to Chaplain Cooper. Plaintiff submitted a Form SCDC 19-11 to Chaplain Cooper, who apprised Plaintiff in writing that Plaintiff would be added to the vegetarian list as of February 1, 2013 (ECF No. 1-1, at page 4). Plaintiff did not receive his vegetarian diet until February 9, 2013. Plaintiff also alleges that he was given meat products to eat on April 18, 2013, while the Perry Correctional Institution was on lockdown. Plaintiff also complains about the use of styrofoam trays,[1] which are cold. In his prayer for relief, Plaintiff seeks a declaratory judgment, a preliminary and permanent injunction, compensatory damages of $10,000 from each Defendant, punitive damages of $10,000 from each Defendant, a trial by jury, costs, and any other relief deemed just, proper, and equitable.

---

[1] Styrofoam™ is a trademarked brand of closed-cell extruded polystyrene foam currently made for thermal insulation and craft applications. Styrofoam™ is owned and manufactured by the Dow Chemical Company. In the United States and Canada, however, the word "styrofoam" refers to expanded (not extruded) polystyrene foam, such as disposable coffee cups, coolers, or cushioning material in packaging, which are typically white and are made of expanded polystyrene beads (http://en.wikipedia.org/wiki/Styrofoam, last visited on May 10, 2013).

## *Discussion*

**Initial Review Standard**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean

---

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Supreme Court has made it clear that prison officials are to be accorded considerable deference in their prison management decisions. In *Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court stated that, "Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." 490 U.S. at 407–08 (citing *Procunier v. Martinez*, 416 U.S. 396, 404–05 (1974)); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") (citations omitted).

**Action Under § 1983**

To prevail in a civil rights action brought under 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that the defendant(s) deprived him or her of a right secured by the Constitution or federal law, and (2) that the defendant committed the deprivation while acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Also, in any action brought under § 1983, a court must first identify the contours of the underlying right the plaintiff claims was violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989). This

requires a determination of the particular plaintiff's status at the time of the alleged violations. *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990).

### *Inadequate Food Service under § 1983*

Allegations of inadequate prison food service may be sufficient to state a claim for relief under § 1983 if the deprivation at issue is serious. *See Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir. 1978); and *McFadden v. Butler*, Civil Action No. 3:10-3104-JMC-JRM, 2012 WL 847754, at *4 (D.S.C. Feb. 12, 2012), *adopted*, 2012 WL 847273 (D.S.C. Mar. 13, 2012):

> Plaintiff claims that certain other food items (such as beef, margarine, potatoes, and fruit) are needed on the menu. He has, however, provided no evidentiary support for this. He admits he is not a dietician and has never spoken to a dietitian about his complaints. Defendants' Motion for Summary Judgment, Ex. A (Plaintiff's Responses to Requests for Admission). Prisoners simply cannot expect the "amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); *Lasure v. Doby*, C/A No. 0:06–cv–1527, 2007 WL 1377694, *5 (D.S.C. May 8, 2007) (unpublished) (noting that plaintiff was "being held in a[ ] jail facility, not a hotel").

*McFadden v. Butler*, 2012 WL 847754, at *4.

### **Analysis**

Plaintiff's exhibits show that the South Carolina Department of Corrections, generally, provides the same foods to all inmates, unless the inmate is a diabetic (ECF No. 1-1, at page 1.) Plaintiff's own exhibits, however, also indicate that the South Carolina Department of Corrections does provide vegetarian foods to inmates. *See* Form SCDC

19-11 dated January 21, 2013, which indicates that Plaintiff would be added to the vegetarian list as of February 1, 2013 (ECF No. 1-1, at page 4), although Plaintiff actually did not receive the vegetarian diet until February 9, 2013. The Form SCDC 19-11 dated Feb. 20, 2013, indicates that Plaintiff would be provided proper portions of food (ECF No. 1-1, at page 8).

Plaintiff, however, is not constitutionally entitled to a vegetarian diet. *See Hannah v. Boone*, Civil Action No. 8:09-2709-PMD-BHH, 2009 WL 3834394 (D.S.C. Nov. 16, 2009):

> Prisons, jails, and detention centers are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Although the plaintiff would prefer to have been provided a vegetarian diet, the variety or type of the food is irrelevant if the food is nutritionally adequate. *See Brown v. Detella*, No. 95 C 1576, 1995 U.S.Dist. LEXIS 13260, *7-*8 [no WESTLAW citation available] (N.D. Ill., Sept. 7, 1995) (*citing Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985): "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). Absent any indication that the meat presented a real danger to the plaintiff's health, the plaintiff has not raised a cognizable constitutional claim. *See Prophete v. Gilless*, 869 F. Supp. 537, 538 (W.D. Tenn. 1994); and *Cosby v. Purkett*, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992). *See also Landfair v. Sheahan*, 878 F. Supp. 1106 (N.D. Ill. 1995); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989); *Chavis v. Fairman*, No. 92 C 7490, 1994 U.S. Dist. LEXIS 1850, *11 n. 5, 1994 WL 55719 (N.D. Ill., Feb. 15, 1994) ("While Chavis depicts less than optimal eating conditions and fare, all of his allegations combined still fail to suggest that he was being served food which posed 'an immediate danger to his health and well being.'"), *affirmed*, *Chavis v. Fairman*, No. 94-1503, 51 F.3d 275 [Table], 1995 U.S.App. LEXIS 7916, 1995 WL 156599 (7th Cir., April 6, 1995).

> A convicted prisoner is not entitled to a vegetarian diet. *LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) (holding that "mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim").

*Hannah v. Boone*, 2009 WL 3834394, at *2.

In a prior case, Plaintiff was apprised that occasional or intermittent mishaps or mistakes with respect to food do not state a constitutional violation. In *Kenneth Syncere Rivera v. Byars*, Civil Action No. 8:12-2318-JMC-JDA, Plaintiff complained about incidents of his not being provided a vegetarian diet at the Broad River Correctional Institution and of not being provided a Vitamin B-12 drink at several meals. As noted by the undersigned in the Report and Recommendation filed in Civil Action No. 8:12-2318-JMC-JDA on September 10, 2012, such intermittent deprivations are not a constitutional violation:

> None of Plaintiff's allegations show that he was subjected to any type of serious or substantial physical harm resulting from these minor and infrequent changes to his diet. He does not provide any supporting facts showing the nature and extent of any negative effects these changes have had upon him and they are therefore insufficient to show the requisite injury for any viable Eighth Amendment claim. *Hause v. Harris*, No. 0:07–270–JFA-BM, 2008 WL 216651 at *8 (D.S.C. Jan. 23, 2008) (citing cases which explain that if a plaintiff considered food inedible or inadequately warmed, or cold diet without fruits and vegetables for a short period of time, do not state a claim for inadequate nutrition). Since Plaintiff's Complaint, liberally construed, fails to set forth any serious and substantial physical injury to Plaintiff from the conditions complained of his case must be summarily dismissed.

*Rivera v. Byars*, Civil Action No. 8:12-2318-JMC-JDA, 2012 WL 7060756, at *3 (D.S.C. Sept. 10, 2012), *adopted*, 2013 WL 504583 (D.S.C. Feb 12, 2013).[3] In other words, cold food is not a constitutional violation. *Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 656 (D.S.C. 2007) (merely serving food cold does not present a serious risk of harm or an immediate danger to the health of an inmate).

The use of disposable styrofoam trays is not a constitutional violation. Moreover, in light of the numerous cases in this Court by prisoners who complained that the permanent, washable food trays were not being properly sanitized, *see, e.g.*, *Reed v. Olsen*, Civil Action No. 4:09-3126-JFA-TER, 2011 WL 765559, at *3 (D.S.C. Jan. 19, 2011) (suit by SMU inmate at Perry Correctional Institution alleging unsanitary food trays), *adopted by* 2011 WL 742509 (D.S.C. Feb 24, 2011), the Perry Correctional Institution's apparent switch from permanent, washable trays to the use of styrofoam trays is a reasonable means to ensure that inmates receive food on sanitary containers. A federal court may not second-guess such a decision by prison food service officials. *Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (federal courts are not "to assume the role of super wardens of state penal institutions"), which cites *Meachum v. Fano*, 427 U.S. 215 (1976).[4]

---

[3]Plaintiff has a pending appeal in Civil Action No. 8:12-2318-JMC-JDA (Fourth Circuit Docket No. 13-6271).

[4]Although some unrelated portions of the Court of Appeals' decision in *Cooper v. Riddle* have been superannuated by later case law, the portion of the opinion where the Court of Appeals applied *Meachun v. Fano* is still binding on lower courts in this judicial circuit. *Ali v. Dixon*, 912 F.2d 86, 89 (4th Cir. 1990) ("evaluation of penological objectives is committed to the considered judgment of prison administrators, who are actually charged with and trained in the running of the particular institution").

In the above-captioned case, Plaintiff has, in effect, reiterated his allegations from Civil Action No. 8:12-2318-JMC-JDA. This Court may take judicial notice of Civil Action No. 8:12-2318-JMC-JDA. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The primary difference between Civil Action No. 8:12-2318-JMC-JDA and the above-captioned case is that Plaintiff is at a different prison. The Complaint in the above-captioned case is subject to summary dismissal for essentially the same reasons that the Complaint in Civil Action No. 8:12-2318-JMC-JDA was subject to summary dismissal. *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'")

**Preliminary Injunction**

In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7,

9

19–20 (2008).  All four requirements must be satisfied.  *Real Truth About Obama, Inc.*, 575 F.3d at 346.

Furthermore, to obtain injunctive relief, a plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief.  *Real Truth About Obama, Inc.*, 575 F.3d at 346, citing *Winter*, 555 U.S. at 19–22.  Plaintiff's Complaint and exhibits reveal that he has been provided a vegetarian diet, except for the initial one-month delay and intermittent omissions of certain food items.  As Plaintiff has not suffered any type of serious or substantial physical harm resulting from minor and infrequent changes to his diet, he does not satisfy the second criteria for a preliminary injunction established by the Court of Appeals. Accordingly, Plaintiff is not entitled to a preliminary injunction.  *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."), which reaffirms prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 176 L.Ed.2d 764, 130 S.Ct. 2371 (2010).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

May 10, 2013                                           s/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).