# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, ) | |
| a/k/a Kenneth Rivera, ) | |
| ) | Civil Action No. 8:13-cv-01234-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| William R. Byars, Jr., Agency Director; ) | |
| Betty Smith, Nutritionist; Larry Cartledge, ) | |
| Warden; Bob Olsen, Food Service ) | |
| Department; Amy McMehan, Food Service ) | |
| Department, ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 10), filed May 10, 2013, recommending the court dismiss *pro se* Plaintiff Kenneth Syncere Rivera's ("Plaintiff") 42 U.S.C. § 1983 claim against Defendants William R. Byars, Jr., Betty Smith, Larry Cartledge, Bob Olsen, and Amy McMehan (collectively referred to as "Defendants"), which alleged that Defendants did not provide Plaintiff an adequate vegetarian diet conducive to his religious beliefs. (ECF No. 1). Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. For the reasons stated herein, the court **REJECTS** the magistrate judge's Report to the extent it did not recognize that Plaintiff has stated a claim under the First Amendment. The court authorizes service of process on Defendants in this matter and refers this action to the magistrate judge for further proceedings consistent with this order.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the factual and procedural background in this case is warranted.

At the time of his filings in the instant case, Plaintiff was incarcerated in the Perry Correctional Institution ("PCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2). Plaintiff filed this action on May 9, 2013 (ECF No. 1), alleging that Defendants violated the First and Eighth Amendment by not providing him a diet within the restrictions of his Rastafarian beliefs. *Id.* at 5. Plaintiff requests that the court declare Defendants violated his constitutional rights, issue an injunction requiring Defendants to provide him an adequate vegetarian diet, and order compensatory and punitive damages. (ECF No. 1 at 5).

The magistrate judge issued the Report on May 10, 2013, recommending that the court dismiss Plaintiff's complaint as meritless. (ECF No. 10 at 11). The magistrate judge found that Plaintiff is not constitutionally entitled to a vegetarian diet. *Id.* at 6 (citing *Hannah v. Boone,* No. 8:09-2709-PMD-BHH, 2009 WL 3834394 (D.S.C. Nov. 16, 2009); *LaFevers v. Saffle,* 936 F.2d 117, 1120 (10th Cir. 1991)). The Report further concluded that intermittent deprivations with respect to food do not violate the Constitution. (ECF No. 10 at 7 (citing *Rivera v. Byars,* Civil Action No. 8:12-2318-JMC-JDA, 2012 WL 7060756, at *3 (D.S.C. Sept. 10, 2012), *adopted,* 2013 WL 504583 (D.S.C. Feb.12, 2013) *aff'd*, 523 F. App'x 227 (4th Cir. 2013))). The magistrate judge stated that Plaintiff's complaints against the use of disposable Styrofoam trays was not cognizable under the Constitution and that it was not the role of the federal courts to

closely scrutinize the methods in which prison officials attempt to ensure sanitary food service for prisoners. (ECF No. 10 at 8).

The Report recommends summary dismissal for the same reasons summary dismissal was recommended in one of Plaintiff's prior cases, *Rivera v. Byars,* Civil Action No. 8:12-2318-JMC-JDA, 2013 WL 7060756. (ECF No. 10 at 9). The magistrate judge explained that in Plaintiff's previous case he was incarcerated at the Broad River Correctional Institution and complained that he was not provided with a Vitamin B-12 drink or a proper vegetarian diet. *Id.* at 7. In the previous case, the magistrate judge concluded that Plaintiff failed to plead facts that would establish a serious and substantial physical injury as is required to constitute an Eighth Amendment violation, *id.*, and as is required by the Fourth Circuit to obtain a preliminary injunction. *Id.* at 9-10.

On May 20, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 12). In his Objections, Plaintiff asserts that the magistrate judge failed to consider his claim that the deprivation of a diet conducive to his Rastafarian beliefs violated the Free Exercise Clause of the First Amendment. *Id.* at 2-3.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's

recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

The court agrees with Plaintiff's contention that the magistrate judge did not address his claim on First Amendment grounds regarding the free exercise of his religion. Plaintiff's prior case *Rivera v. Byars,* Civil Action No. 8:12-2318-JMC-JDA, 2013 WL 7060756, was similarly not construed as a First Amendment claim and involved different dates, different prison actors, and a different prison. As such, the court finds Plaintiff's instant allegations sufficiently distinct to warrant a separate review.

The relevant facts, viewed in a light most favorable to Plaintiff, are as follows. Plaintiff was transferred to PCI on January 8, 2013, at which point he experienced a lapse in the vegetarian diet he previously had been receiving and that was consistent with his Rastafarian beliefs. (ECF No. 1 at 4). Throughout the month of January, Plaintiff made several requests to prison officials for a vegetarian diet conducive to his religious practice including requests to the

prison chaplain and Defendant McMehan of the Food Service Department. (*See* ECF No. 1-1 at 1-5).

On February 9, 2013, Plaintiff began receiving his vegetarian diet, although not in a consistent and appropriate manner. (ECF No. 1 at 4). On February 16, 2013, Plaintiff complained that he was not receiving peanut butter on the week days and was given less than four ounces of peanut butter on "the brunch weekend." (ECF No. 1-1 at 8). Plaintiff also complained that he was not receiving the proper number of B-12 drinks. *Id.* Throughout February, March, and April of 2013, Plaintiff continued to file several grievances complaining of an inadequate diet. (ECF No. 1-1 at 1, 6-11; ECF No. 1-2 at 3-8). Plaintiff's grievances stated that he was not receiving his B-12 vitamin drink, fruit or a fruit substitute, adequate vegetables, or adequate peanut butter. *Id.* He also protested that he was given meat products during a two-day institutional lockdown. (ECF No. 1-1 at 1).

The court finds that the facts alleged, taken as true, are sufficient to establish a First Amendment claim that survives summary dismissal under § 1915. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss claims that are "frivolous or malicious"; "fail to state a claim"; or seek "monetary relief against a defendant who is immune from such relief"). It is well settled that prisoners have a right to a diet that is consistent with their religious beliefs, "absent some legitimate penological interest preventing the accommodation of a prisoner's religious restrictions." *Eason v. Thaler,* 14 F.3d 8, 10 (5th Cir. 1994); *see also Simms v. Edmonds,* 232 F.3d 889, 1 (4th Cir. 2000) ("[A]n inmate has the constitutional right to obtain adequate nourishment from prison foods permitted by his religious dietary rules, unless the prison's failure to provide such foods is reasonably related to a legitimate penological interest.").

Given Plaintiff's claim and factual pleadings contending he was deprived of this right, this action merits further proceedings.

The court takes notice that Plaintiff is no longer incarcerated (*See* ECF No. 14; ECF No. 10 at 1). Accordingly, Plaintiff's claims for declaratory and injunctive relief are now moot. *See Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Moreover, to the extent Plaintiff seeks monetary relief against Defendants in their official capacities as opposed to in their personal capacities, such relief is barred by the Eleventh Amendment. *See Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974). While a state may waive Eleventh Amendment immunity, *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989), South Carolina has declined to do so. *See* S.C. Code Ann. § 15-78-20(e) (1988). Thus, Plaintiff's First Amendment claim survives solely as an action against Defendants in their individual capacities for compensatory and punitive damages.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **REJECTS** the magistrate judge's Report and Recommendation (ECF No. 10) in so far as it did not acknowledge that Plaintiff has stated a valid First Amendment claim. Defendants should therefore be served with process. The court refers this action to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 31, 2013
Greenville, South Carolina